# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RODRIGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 1:14-cv-14-GSA<br><br>ORDER AFFIRMING AGENCY'S DENIAL OF BENEFITS AND ORDERING JUDGMENT FOR COMMISSIONER |

**I.    INTRODUCTION**

Plaintiff Jose Rodriguez ("Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. The matter is before the Court on the parties' briefs, which were submitted without oral argument to Magistrate Judge Gary S. Austin.[1] The Court finds that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence in the record as a whole. Accordingly, this Court affirms the agency's determination to deny benefits and denies Plaintiff's appeal.

---

[1] The parties consented to the jurisdiction of the Magistrate Judge. (Docs. 7 and 13).

1

## II. FACTS AND PRIOR PROCEEDINGS

In October 2010, Plaintiff filed his applications for Disability Insurance benefits and Supplemental Security Income. AR 164, 168.[2] Plaintiff's applications were denied initially and on reconsideration. AR 87, 82. Subsequently, ALJ Tamia Gordon held a hearing on August 29, 2012 (AR 25-57), and issued an order denying benefits on August 31, 2012. AR 8-19. The ALJ's decision became the final decision of the Commissioner of Social Security when the Appeals Council denied Plaintiff's request for review. AR 1-3. This appeal followed.

### A. Plaintiff's Testimony

The hearing was held in Fresno, California. AR 25. Plaintiff appeared and testified. AR 25-57. He was represented by attorney Jonathan Pena. AR 25.

Plaintiff was fifty-two years old at the time of the hearing. He is a high school graduate and lives with his mother and forty-six year-old brother. AR 30. He worked for Harris Ranch, a beef production company from 1989 until 2000. AR 33-34. He also worked as a shop manager at a tire sales company from 2001-2008. AR 31-32. He has not worked since that time.

Plaintiff had arthroscopic surgery on his knee in 1984 or 1985, and broke his right foot and ankle in September 2011. AR 37-39. He takes approximately fourteen pills in the morning which makes him groggy and dizzy. AR 35. He has difficulty walking up and down stairs because his knees give out and he sometimes uses a cane to ambulate. AR 35, 37. Plaintiff has not had a full night's sleep in two or three years because of his back problems. AR 41. His back pain starts in the lower left part of his back, and radiates down to his left hip and leg. AR 43. He also suffers from muscle spasms and cramps in his right thumb, and has panic attacks once or twice a month. AR 44.

Plaintiff can walk for ten minutes, sit for thirty-five to forty minutes at a time, and can lift ten to fifteen pounds. AR 39-40. He can stand for ten to fifteen minutes, but has difficulty standing in

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

place because he loses his balance. AR 39. He showers and gets dressed by himself; but sometimes he has difficulty getting in and out of the shower, and needs to hold on to something to pull his pants up. AR 45-46. Plaintiff reads two to three hours a day, but he can read from two to six hours at a time if he was interested in a book. AR 44-45. His family picks him up to visit at their house about one time per week, but has a driver's license and drives to the grocery store once or twice a week by himself. AR 31,46. He also dusts, vacuums, does laundry, washes dishes, and grocery shops. AR 45, 47.

### B. Medical Record

The entire medical record was reviewed by the Court. AR 282-502. The medical evidence will be referenced below as necessary to this Court's decision.

### III. THE DISABILITY DETERMINATION PROCESS

To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. § 416.920(a). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. § 416.920 (a)(4). The ALJ must consider objective medical evidence and opinion testimony. 20 C.F.R. § 416.913.

3

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability; (2) whether the claimant had medically-determinable "severe" impairments; (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) whether the claimant retained the residual functional capacity ("RFC") to perform his past relevant work; and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the regional and national level. 20 C.F.R. § 416.920(a)(4).

### A. The ALJ's Decision

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 8-19. More particularly, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since February 26, 2009. AR 10. Further, the ALJ identified low back strain, diabetes mellitus, diabetic neuropathy, degenerative arthritis in both knees, bilateral lower extremity edema, right thumb tendonitis, and obesity as a severe impairments.[3] AR 10. Nonetheless, the ALJ determined that the severity of the Plaintiff's impairments did not meet or exceed any of the listed impairments. AR 10.

Based on his review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work except that he can never climb ladders, ropes, or scaffolds. AR 12. He can also only occasionally balance and occasionally climb ramps or stairs. AR 12. The ALJ also determined that Plaintiff could perform his prior job as a tire supervisor, and could also perform a significant number of jobs that exist in the national economy including a cashier, sales attendant, and small products assembler. AR 18-19. As a result, Plaintiff was not disabled under the Social Security Act. AR 19.

///

---

[3] The ALJ also found that Plaintiff suffered from medically determinable non-severe impairments including a broken right ankle which was healed by the time of hearing, panic attacks, hypertension, and drug and alcohol abuse. AR 10.

4

## IV. SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether: (1) it is supported by substantial evidence; and (2) it applies the correct legal standards. See *Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id*. "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id*.

## V. DISCUSSION

**A. The ALJ Properly Discredited Plaintiff's Subjective Complaints.**

Plaintiff argues that the ALJ failed to provide clear and convincing evidence for finding his testimony not credible. (Doc. 20). In reply, the Commissioner asserts that the ALJ adequately articulated reasons for discrediting Plaintiff's testimony. (Doc. 16). A review of the record reveals the ALJ properly assessed Plaintiff's credibility.

A two-step analysis applies at the administrative level when considering a claimant's credibility. *Treichler v. Comm. of Soc. Sec.*, 775 F. 3d 1090, 1098 (9th Cir. 2014). First, the claimant must produce objective medical evidence of his impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Id.* If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony

regarding the severity of his symptoms only if he makes specific findings and provides clear and convincing reasons for doing so. *Id.; Brown-Hunter v. Colvin*, --- F. 3d ---, 2015 WL 4620123 *5 (9th Cir. Aug. 4, 2015); SSR 96-7p (ALJ's decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight."). Factors an ALJ may consider include: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the applicant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). Work records, physician and third party testimony about the nature, severity, and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that Plaintiff's statements concerning "the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." AR 17. This finding satisfied step one of the credibility analysis. *Smolen*, 80 F.3d at 1281-82.

Because the ALJ did not find that Plaintiff was malingering, she was required to provide clear and convincing reasons for rejecting Plaintiff's testimony. *Brown –Hunter*, --- F. 3d ---. 2015 WL 4620123 at *5; *Smolen*, 80 F.3d at 1283-84; *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (as amended). When there is evidence of an underlying medical impairment, the ALJ may not discredit the claimant's testimony regarding the severity of his symptoms solely because they are unsupported by medical evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991); SSR 96-7. Moreover, general findings are insufficient; rather, the ALJ must identify what testimony is not

credible and what evidence undermines the claimant's complaints. *Brown-Hunter*, --- F. 3d ---, 2015 WL 4620123 at *5.

Here, the ALJ stated the following regarding Plaintiff's credibilty:

I find the claimant partially credible. The activities of daily living he testified to are generally commensurate with his function report and the function report completed by his brother. However, the medical records do not support his statement that he broke his right ankle and foot in September 2011, though admittedly the last medical record available is dated August 2011. Regardless, the claimant stated in June 2011 that he could only stand for 15-20 minutes and he testified at the hearing that he could currently stand for up to 15 minutes, so I see no practical increase in limitation – assuming his testimony that he broke his ankle and foot is correct. His testimony that he could sit for 40 minutes is inconsistent with his function report where he stated he could only sit for 30 minutes. Both statements are inconsistent with this statement to Dr. Wagner that he could sit for up to 90 minutes. Both statements seem inconsistent with his testimony that, when interested he could spend up to 6 hours read[ing] a book. The claimant does a wide range of activities not fully consistent with total disability. He dusts, does dishes, prepares meals, plays cards and video games. He does laundry, vacuums, and takes out the trash. He reads, shops, and goes to the movies. He can use public transportation. I see no medically prescribed cane. AR 17. (citations omitted).

Thus, the ALJ relied on 1) inconsistencies between the Plaintiff's reported symptoms and the record; 2) inconsistencies in Plaintiff's testimony regarding his abilities; and 3) Plaintiff's activities of daily living. A review of the record reveals that some of the ALJ findings are all supported by the record, and some are not. However, on balance, the ALJ's credibility determination was proper.

Preliminarily, although the ALJ makes reference to the absence of any medical evidence establishing that Plaintiff broke his ankle in September 2011, the ALJ also notes that the last medical record in this case is dated August, 2011, therefore, the Court does not consider this a proper basis to reject Plaintiff's testimony. Also, there is no basis for the ALJ's finding that there is an inconsistency between Plaintiff's testimony that he could sit for forty minutes and his function report that he could sit for thirty minutes; nor is there an inconsistency between Plaintiff's testimony that he could stand for fifteen minutes and his function report wherein he allegedly reported that he could

7

stand for fifteen-twenty minutes.  Reliance on these inconsistencies is an error because the function report referenced to by the ALJ was completed by Plaintiff's brother and not by Plaintiff.  AR 263.  Furthermore, Plaintiff did not make these statements in his own function report.  AR 250-257.  Therefore, those reasons relied upon by the ALJ are not clear and convincing reasons supported by substantial evidence to reject Plaintiff's credibility.  However, these errors are harmless because the remaining reasons listed by the ALJ are proper.  *See Carmickle*, 533 F.3d at 1162 (*citing Batson v. Comm. of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) ["So long as there remains "substantial evidence supporting the ALJ's conclusions on . . . credibility" and the error "does not negate the validity of the ALJ's ultimate conclusion" such is deemed harmless and does not warrant reversal"]).

For example, the ALJ properly notes an inconsistency between Plaintiff's testimony at the hearing that he is only able to sit for forty minutes, and his statement to Dr. Wagner that he can sit up to ninety minutes.  AR 40, 417.  Furthermore, Plaintiff's testimony that he can read a book for up to six hours in inconsistent with his testimony at the hearing that he is only able to sit for forty minutes, or stand for ten to fifteen minutes.  AR 40, 45.  These inconsistent statements are a proper basis to reject a claimant's credibility.  *See Bray v. Commissioner of Social Security*, 554 F.3d 1212, 1227 (9th Cir. 2008) ("In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, … among other factors."); *Tommasetti v. Astrue*, 533 F. 3d 1035,1039 (9th Cir. 2008) (An ALJ may rely on ordinary techniques of credibility evaluation such as prior inconsistent statements, and other testimony by the claimant that appears less than candid.); *Smolen*, 80 F. 3d at 1284 (An ALJ may consider a claimant's inconsistent statements).

Moreover, the ALJ also properly noted that Plaintiff's daily activities are inconsistent with total disability.  AR 17.  Plaintiff indicated that he does dishes, makes his own meals, vacuums, does

8

laundry, drives, and goes grocery shopping. AR 17, 45-47, 250-255. The ability to perform activities of daily living is a valid consideration when evaluating a claimants' credibility. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("[e]ven where [the daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment"); *Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009) (ALJ properly determined that the claimant's daily activities "did not suggest [the claimant] could return to his old job at Cummins, but . . . did suggest that [the claimant's] later claims about the severity of his limitations were exaggerated"); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (claimant's "ability to perform various household chores such as cooking, laundry, washing dishes and shopping," among other factors, bolstered "the ALJ's negative conclusions about [her] veracity").

As a side note, the Court is not persuaded by several reasons articulated by the Defendant to support the ALJ's decision, namely that the ALJ rejected Plaintiff's credibility based on the medical opinion of a consultative examiner, that Plaintiff had a prior theft conviction, and that during a consultative examination, Plaintiff stated that he was not willing to work. (Doc. 23, pg. 6). These reasons were not explicitly articulated by the ALJ, but were included as part the of ALJ's summary of the medical evidence. The Ninth Circuit has made it clear that observations an ALJ makes as part of the summary of the medical record is not sufficient to establish clear and convincing reasons for rejecting a Plaintiff's credibility. *Brown-Hunter,* 2015 WL 4620123 * 6 (9th Cir. Aug. 4, 2015). Since these reasons were not articulated by the ALJ, reliance on them would be post hoc rationalizations which this Court is not able to consider. *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citing *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001)) (A reviewing court cannot affirm an ALJ's decision denying benefits on a ground not invoked by the Commissioner).

Notwithstanding the rejection of Defendant's arguments, the ALJ provided several other clear and convincing reasons outlined above that are supported by substantial evidence to conclude Plaintiff's subjective symptom testimony was not credible.  Here, the ALJ clearly identified what testimony he found not credible and what evidence undermined Plaintiff's complaints.  *Lester,* 81 F.3d at 834.  It is not the role of the Court to redetermine Plaintiff's credibility de novo.  If the ALJ's finding is supported by substantial evidence, the court "may not engage in second-guessing." *Thomas*, 278 F.3d at 959.  Although evidence supporting an ALJ's conclusions might also permit an interpretation more favorable to the claimant, if the ALJ's interpretation of evidence was rational, as it was here, the Court must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation.  *Burch*, 400 F.3d at 680-81.  Accordingly, the ALJ's credibility determination was proper.

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards.  Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security.  The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security and against Plaintiff, Jose Rodriguez.

IT IS SO ORDERED.

Dated:   **August 11, 2015**                     /s/ Gary S. Austin
                                                   UNITED STATES MAGISTRATE JUDGE